UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CAITLYN KELLY,

                Plaintiff,

  -against-

ROSENBERG & ESTIS, P.C., JASON DAVIDSON,
ANTHONY VIRGA, DEAN ARFANIS, and
MARIA PALEKA,

                Defendants.

------------------------------------------------------------X



25-cv-4776 (CM)

## DECISION AND ORDER DENYING MOTION
## TO COMPEL ARBITRATION

McMahon, J.:

    Caitlyn Kelly, a former law clerk for Rosenberg & Estes, P.C. ("R&E"), sued R&E and four individual R&E employees (collectively, "Defendants") for alleged violations of Title VII of the Civil Rights Act of 1965 ("Title VII"), 42 U.S.C. § 2000e, et seq., the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA"), and the New York Labor Law ("NYLL"). In her original Summons with Notice, which was filed in the New York State Supreme Court, Kelly alleged that the law firm and several of its partners were guilty of gender and disability discrimination (including aiding and abetting as well as primary violations and failure to afford her reasonable accommodations), failing to pay her equally with similarly situated men, and retaliation. Dkt. No. 1-1. Defendants removed the case to this court, Dkt. No. 1, and

1

moved to compel arbitration, attaching to their motion the arbitration agreement that Kelly had signed, Dkt. No. 7. She responded to the motion by filing an amended complaint, which added to her original claims a number of sexual harassment claims. Dkt. No. 11. She then opposed the motion on the ground that she could not be forced to arbitrate any of her claims because the case now included a claim of sexual harassment – a claim she could not be forced to arbitrate pursuant to § 2 of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), Pub. L. No. 117-90, 136 Stat. 26 (codified at 9 U.S.C. §§ 401–02). Kelly urged that § 2 of the EFAA allowed her to avoid arbitration of all her claims – even though the claims she had originally asserted did not include sexual harassment. Defendants argue that her interpretation of § 2 is incorrect.

I agree with Plaintiff and DENY Defendants' motion to compel arbitration. Dkt. No. 7.

## I. The EFAA Bars Enforcement of the Arbitration Agreement as to Kelly's Entire Case

Although Kelly does not dispute that she signed an arbitration agreement with Rosenberg & Estes, she asserts that § 2 of the EFAA allows her to avoid arbitration, not only of her sexual harassment claim, but of all her claims. I fear she is correct.

Pursuant to the Federal Arbitration Act ("FAA"), agreements to arbitrate disputes generally must be enforced according to their terms. *Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 84 (2d Cir. 2024). Nevertheless, the EFAA, enacted in 2022, and codified directly into the FAA, narrows the FAA's scope, by allowing plaintiffs who allege conduct related to sexual harassment or assault to elect whether to abide by or avoid otherwise enforceable arbitration agreements. The EFAA provides, in relevant part:

> [A]t the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable *with respect to a case* which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). The EFAA defines "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401(4). Courts, not arbitrators, are to determine whether the EFAA applies. *Id.* § 402(b).

Defendants' motion to compel arbitration presents two issues: (1) whether Kelly "alleges conduct constituting a sexual harassment dispute," and (2) if so, whether the EFAA renders the arbitration agreement unenforceable with respect to Kelly's entire case, or only to her sexual harassment claims.

### a. Kelly Plausibly States a Sexual Harassment Claim under NYCHRL

For the EFAA to preclude enforcement of an arbitration agreement, a plaintiff must first plausibly plead a sexual harassment claim. The use of the term "alleged" in Section 401(4) implicitly incorporates the Rule 12(b)(6) plausibility standard. *See Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023). This is because "Congress legislates against the backdrop of existing law." *Pharaohs GC, Inc. v. United States Small Bus. Admin.*, 990 F.3d 217, 227 (2d Cir. 2021). Moreover, it would be illogical to interpret the EFAA as permitting a plaintiff to circumvent an arbitration agreement for other claims if her sexual harassment claim would not otherwise survive a motion to dismiss.

The court applies the familiar plausibility standards under Rule 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible

on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In determining whether Kelly states a plausible sexual harassment claim, the court will focus on Kelly's NYCHRL claim because it has the "most lenient applicable liability standard." *Yost*, 657 F. Supp. at 578. "State law" under § 401(4) of the EFAA encompasses local laws prohibiting sexual harassment, including the NYCHRL. *Id.* at 578 n.10. The court finds that Plaintiff has plausibly pled a sexual harassment claim under the NYCHRL; indeed, Defendants concede as much.[1]

Under NYCHRL, sexual harassment is defined broadly. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (observing that the NYCHRL should be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof"); *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 116 (1st Dep't 2011) (same). A plaintiff alleging sexual harassment under the NYCHRL need only show "by a preponderance of the evidence that she has been treated less well than other employees because of her gender," including being subjected to "unwanted gender-based conduct."[2] *Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 38–39 (2009); *see also McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 66 (S.D.N.Y. 2020).

Although NYCHRL does not explicitly define "sexual harassment," it directs the New York City Commission on Human Rights to "post conspicuously on the commission's website online resources about sexual harassment," including "[a]n explanation that sexual harassment is a form of unlawful discrimination under local law" and "[s]pecific descriptions and examples of

---

[1] *See* Defs.' Reply Supp. Mot. to Compel, Dkt. No. 13, at 4.

activities which may be sexual harassment." N.Y.C. Admin. Code § 8-132(a)(1)(a)–(b). A city agency's interpretation of the law, although not dispositive of the meaning of the law itself, remains persuasive authority. *See Menos v. Uncle Nearest, Inc.*, No. 22-CV-1449 (PKC) (PK), 2025 WL 917347, at *9 n.15 (E.D.N.Y. Mar. 25, 2025).

The Commission's website defines sexual harassment as "unwelcome verbal or physical behavior based on a person's gender and can include unwanted touching; offensive and suggestive gestures or comments; asking about a person's sex life or making sexualized remarks about a person's appearance; sexualizing the work environment with imagery or other items; or telling sexual jokes." *Stop Sexual Harassment Act Notice*, NYC Human Rights, https://www.nyc.gov/site/cchr/law/sexual-harassment-training-main.page [https://perma.cc/VBQ8-2VYZ] (last visited Sept. 20, 2025).

Kelly alleges that, during her employment, K&E employees frequently made unwanted sexual comments, including invasive remarks about her sex life and romantic relationships. Compl., Dkt. No. 11, at 48. Specifically, she claims, among other things, that a male partner had "compared her to Pamela Anderson and Daenerys Targaryen from *Game of Thrones*," and that Kelly was "better than Daenerys" because she "hadn't slept her way to the top." *Id.* at 2. When Kelly recoiled from these comments, the partner allegedly responded, "Now don't go filing a sexual harassment claim on me." *Id.* Kelly alleges that another partner asked her, "Do you ever incorporate drug use when you have sex?" *Id.* The partner allegedly went on to describe his own sex life, stating, "Me and my wife do, it makes everything feel better, I highly recommend it." *Id* at 10.

Under the NYCHRL, there is no requirement that the conduct alleged be severe or pervasive to support a sexual harassment claim because "even a single comment may be actionable in appropriate circumstances." *Gorokhovsky v. New York City Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014). Kelly's well-pleaded allegations that she was routinely subjected to unwelcome sexual comments and advances are sufficient to state a claim for sexual harassment under NYCHRL.

Therefore, at a minimum, the EFAA applies to this claim. Unless Kelly wants to arbitrate it, she cannot be forced to do so. She does not want to arbitrate it. It will be litigated.

### b. The Arbitration Agreement Is Unenforceable as to the Entirety of Kelly's Case

Having concluded that Kelly has stated a plausible sexual harassment claim under the NYCHRL, such that the EFAA applies to that claim, the remaining issue is whether the arbitration agreement is enforceable with respect to the other claims that she asserts, none of which is a sexual harassment or sexual assault claim. To resolve this issue, we "begin with the statutory text." The court "presume[s] that a legislature says in a statute what it means." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992). If the statutory text is unambiguous, the court's "sole function" is "to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (citation omitted).

Based on the operative text, the EFAA renders a pre-dispute arbitration agreement unenforceable "with respect to *a case* which is filed under Federal, Tribal, or State law *and relates to* the . . . sexual harassment dispute." 9 U.S.C. § 402(a) (emphases added). The plain and ordinary meaning of "case" refers to "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity," Black's Law Dictionary (12th ed. 2024); *see also United States v. Wedd*, 993

6

F.3d 104, 122 (2d Cir. 2021) ("In interpreting a statute, this Court gives the statutory terms their ordinary or natural meaning."). Accordingly, the term "case" refers to "the legal proceeding as an undivided whole" and "does not differentiate among causes of action within it." *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 559 (S.D.N.Y. 2023); *see Brownback v. King*, 592 U.S. 209, 220 (2021) (Sotomayor, J., concurring) ("An 'action' refers to the whole of the lawsuit. Individual demands for relief within a lawsuit, by contrast, are 'claims.'" (citations omitted)). Instead of using the terms "cause of action" or "claim," Congress intentionally chose the term "case."

Congress chose to amend the FAA with text that renders an arbitration agreement unenforceable with respect to an entire "case" that "relates to" a sexual harassment dispute, not merely with respect to the sexual harassment claims themselves. A separate provision of the EFAA setting out its effective date provides further support for this interpretation. Specifically, it provides that "the amendments made by this Act, shall apply with respect to *any dispute or claim* that arises or accrues on or after the date of enactment of this Act." Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022) (emphasis added). We can presume that Congress, by using the term "claim" in a separate provision of the same Act, understood the different meanings of the terms "case" and "claim." *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 161 (2018) ("When Congress includes particular language in one section of a statute but omits it in another, this Court presumes that Congress intended a difference in meaning." (citation modified)). The EFAA governs "cases" that contain "claims" that accrued after its effective date. The court declines to rewrite the EFAA's plain text, which unambiguously renders arbitration agreements unenforceable with respect to the entirety of a "case" that includes allegations of sexual harassment. The text of the EFAA reflects

a rejection of the FAA norm of allowing individual claims in a lawsuit to be severed depending on each claim's arbitrability.

Because Kelly plausibly alleges a sexual harassment claim under NYCHRL, and each of her remaining claims are a part of the "case" "relat[ed] to . . . the sexual harassment dispute," she is free to avoid enforcement of the arbitration agreement that would otherwise apply to those remaining claims.

The court acknowledges a recent decision that appears to impose an additional requirement: that even after the EFAA is found to apply to a plausibly pleaded sexual harassment claim, other claims asserted in the same case must independently "relate" to a sexual harassment dispute in order to fall within the ambit of the EFAA's arbitration avoidance provision. *See Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442, 447 (S.D.N.Y. 2023); *Lambert v. New Start Cap. LLC*, No. 1:24-CV-8055-GHW, 2025 WL 2295254, at *15 (S.D.N.Y. Aug. 7, 2025) (citing *Mera*, 675 F. Supp. 3d at 447). In *Mera*, the plaintiff asserted claims for unpaid wages and hostile work environment based on sexual-orientation discrimination under the FLSA, NYLL, NYSHRL, and NYCHRL. *Mera*, 675 F. Supp. 3d at 444. Although the court held that the EFAA applied to the sexual harassment claims, it declined to extend the EFAA to Mera's "unrelated" wage-and-hour claims under the FLSA and NYLL because those claims were brought on behalf of an FLSA collective and a putative NYLL class of "all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, and food runners." *Id.* at 448. In other words, the court in *Mera* held that the EFAA did not apply to the plaintiff's the wage-and-hour claims because they failed to independently "relate" to the plaintiff's sexual harassment claim. *See id.*

But the plain text of the statute contains no such additional "relation" requirement with respect to individual claims. The EFAA demands only that the "case" relate to a sexual harassment dispute, not that each individual claim within the case must do so. As the Supreme Court has emphasized, courts must "resist reading words or elements into a statute that do not appear on its face." *Dean v. United States*, 556 U.S. 568, 572 (2009) (internal quotation marks omitted). Accordingly, the court joins several other courts in declining to impose a "relation" requirement for individual claims where the statute's text provides none.[3] *E.g., Ramirez v. L. Offs. of Zolonz*, No. B334010, 2025 WL 2542323, at *4 (Cal. Ct. App. Sept. 4, 2025) (collecting cases).

This entire case plainly "relates" to Kelly's sexual harassment claim; indeed, many of her other claims, notably those alleging gender discrimination, disparate treatment, hostile work environment, and unequal pay are directly and obviously "related" to her sexual harassment claim, in that each and every one of those claims alleges that Kelly was mistreated by her employer on the basis of her gender. And while her disability discrimination and failure to accommodate claims are not as obviously related to her gender, and may or may not have anything to do with her gender, they "relate" to her many claims of gender-based discrimination in that they allege class-based discrimination against Kelly on the part of her employer.

Moreover, unlike in Mera, Kelly's remaining claims are brought solely on her own behalf, and not on behalf of any collective or class. *See also Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917,

---

[3] Although the decision in *Lambert* also appears to impose an additional "relation" requirement with respect to individuals claims in a "case" covered by the EFAA, the court addressed the specific issue of whether the EFAA applies to all plaintiffs in a case when only one plaintiff asserts a sexual harassment claim. 2025 WL 2295254, at *1. The court held that "the EFAA applies only to the case of the individual plaintiff or the class alleging conduct constituting a sexual harassment dispute or sexual assault dispute, and not to all plaintiffs that happen to join the action alongside such a plaintiff or class." *Id.*, at *16. But Kelly's remaining claims are brought solely on her own behalf. Accordingly, *Lambert*'s holding is not directly implicated in this case.

926 (N.D. Cal. 2023) (holding that *Mera* did not apply because "Turner's workplace injury and wage claims relate only to her own experience and employment at Tesla"). Therefore, the reasoning that led my colleague Judge Stewart Aaron to conclude that EFAA did not apply to wage and hour claims – claims that do not relate in any way to class-based discrimination, such as gender or disability discrimination – simply does not apply to this case.

In sum, because Kelly plausibly states a sexual harassment claim under the NYCHRL, this case "relates to . . . [a] sexual harassment dispute." 9 U.S.C. § 402(a). The EFAA thus applies to bar enforcement of the arbitration agreement as to the entirety of this case. *See Johnson*, 657 F. Supp. 3d at 561; *Turner*, 686 F. Supp. at 925–26. It follows that defendants' motion to compel arbitration must be denied in full.

## Conclusion

For the foregoing reasons, Defendants' motion to compel arbitration is DENIED. The parties' arbitration agreement is, at Kelly's election, unenforceable. The Clerk of Court is directed to remove the motion located at Docket Entry Number 7 from the court's list of open motions.

This is a written decision, and it constitutes the decision and order of the court.

Dated: September 23, 2025

U.S.D.J.

BY ECF TO ALL COUNSEL