UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

CAITLYN KELLY,

                         Plaintiff,

        -against -

ROSENBERG & ESTIS, P.C., JASON DAVIDSON,
ANTHONY VIRGA, DEAN ARFANIS,
and MARIA PALEKA,

                       Defendants.

-------------------------------------------------------------------------x

**Case No.: 1:25-cv-04776**

USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/2025

**CONFIDENTIALITY STIPULATION AND
~~PROPOSED~~ PROTECTIVE ORDER**

      WHEREAS, the Parties have agreed to the following terms of confidentiality, including the Addendum attached hereto, which is deemed incorporated into and forms an integral part of this Stipulation and Confidentiality Order; and

      WHEREAS, the Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; it is hereby

      STIPULATED AND AGREED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party producing any given Discovery Material may designate as Confidential only the portions of such material that counsel reasonably and in good faith determines consists of the following:

Case 1:25-cv-04776-CM    Document 24    Filed 12/17/25    Page 2 of 7

a. personal identifying information and protected health information, such as Social Security numbers, home addresses, telephone numbers, dates of birth, financial account numbers, and medical records and testimony;

b. proprietary, trade secret or otherwise sensitive non-public information; or

c. any other category of information hereinafter given confidential status by the Court.

2.    Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Confidential Information obtained through HIPAA authorizations is automatically treated as Confidential, regardless of whether it has been formally stamped and designated as such.

3.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.  The Court and its support personnel, the jury at trial, or as exhibits to motions.

6.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.  Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.

7.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.      Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13.      The Addendum attached as **Exhibit B** is hereby deemed incorporated into this Stipulation and Confidentiality Order as if fully set forth herein and shall be binding on all parties and subject to Court enforcement.

SO STIPULATED AND AGREED.

Dated: New York, New York
       December 15, 2025

(signature page follows)

4

**GODDARD LAW PLLC**　　　　　**KEANE & BEANE, P.C.**

By: _/s/ Megan S. Goddard_　　　By: _/s/ Edward J. Phillips_

　　Megan S. Goddard, Esq.　　　　　Richard K. Zuckerman
　　Hailey Miller, Esq.　　　　　　　Edward J. Phillips
　　39 Broadway, Suite 1540　　　　　445 Hamilton Avenue, Suite 1500
　　New York, New York 10006　　　　White Plains, New York 10601
　　Telephone: (646) 964-1178　　　　(914) 946-4777
　　Facsimile: (212) 208-2914　　　　rzuckerman@kblaw.com
　　megan@goddardlawnyc.com　　　　ephillips@kblaw.com
　　hailey@goddardlawnyc.com

　　Attorneys for Plaintiff　　　　　　Attorneys for Defendant


**SO ORDERED.**

Hon. Colleen McMahon, U.S.D.J.

12-17-2025

5

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled KELLY v. ROSENBERG & ESTIS, et al., 25 Civ. 4776 (CM), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

6

## EXHIBIT B

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.