UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAITLYN KELLY,

                               Plaintiff,

            -against-

ROSENBERG & ESTIS, P.C., et al.,

                            Defendants.
------------------------------------------------------------------X

25-CV-4776 (CM) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On February 6, 2026, Defendants requested a pre-motion conference in advance of their anticipated motion to compel an additional 7 hours of deposition testimony from Plaintiff, pursuant to Federal Rules of Civil Procedure 30(d)(1) and 26(b)(1) and (2). ECF No. 33. On February 20, 2026, Plaintiff filed a letter opposing the request. ECF No. 35. The Court held a conference with the parties on February 24, 2026. See ECF No. 34. For the reasons explained below, Defendants are permitted to depose Plaintiff for an additional 3 hours.

Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and attorneys at depositions. Rule 30(d)(2) provides that, "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day or seven hours." Fed. R. Civ. P. 30(d)(2). Nevertheless, a Court "must allow additional time, consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1); see also Fed. R. Civ. P. 26(b)(2)(A) (authorizing a court to alter the length of a deposition). "A party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order." Robinson v. De Niro, No. 19-CV-9156 (KHP), 2022 WL 274677, at *2 (S.D.N.Y. Jan. 26, 2022).

As stated during the conference, counsel for Plaintiff had numerous instances of lengthy speaking objections that unfairly used up defense counsel's time. See Robinson, 2022 WL 274677, at *3 (allowing defendants to take additional testimony from plaintiff where plaintiff's counsel "wasted time with objections to form that were unnecessary and not even warranted" and "also engaged in unnecessary speaking objections"); Wang v. You Garden Dumpling, Inc., No. 20-CV-4588 (RER) (CLP), 2025 WL 3522718, at *2-3 (E.D.N.Y. Dec. 9, 2025) (allowing defendants to take additional testimony from plaintiff where the deposition transcript was "riddled with improper speaking objections," among other improper efforts to coach the witness). Defendants request an additional 7 hours of time, for a total of 14 hours, but they have not shown good cause for a full second day of deposition testimony. Instead, given the substantial speaking objections, an additional 3 hours of time is appropriate to permit defense counsel to inquire into Plaintiff's medical records and remaining allegations in the complaint. See Krause v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 10-CV-2603 (RMB) (JLC), 2010 WL 11882040, at *1 (S.D.N.Y. Oct. 7, 2010) (permitting defendants to continue plaintiff's deposition for 4 hours and 30 minutes where defendants sought 7 additional hours and plaintiff offered 2 hours); Saeed v. Count of Nassau, No. 09-CV-3314 (DRH) (AKT), 2011 WL 6945755, at *1 (E.D.N.Y. May 23, 2011) (permitting defendant to continue plaintiff's deposition for 4 hours where defendant sought 7 additional hours and plaintiff offered no hours); Robinson, 2022 WL 274677, at *1 (permitting defendants to continue plaintiff's deposition for 5 hours and 40 minutes where defendants sought an additional 7 hours and 40 minutes and plaintiff offered 2 hours and 40 minutes).

For the foregoing reasons, Defendants' letter motion is GRANTED and Defendants may take an additional 3 hours of deposition testimony from Plaintiff. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 33.

**SO ORDERED.**

DATED:    New York, New York
February 25, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3